UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jabbar Jomo Straws, #231018, | ) | C/A No. 4:08-02714-HFF-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| A.J. Padula, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, __U.S. __, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the

court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Jabbar Jomo Straws (Petitioner) is an inmate at Lee Correctional Institution of the South Carolina Department of Corrections. He is serving a 110 year sentence stemming from convictions on charges of armed robbery, kidnaping, assault and battery with intent to kill and possession of a weapon during the commission of a violent crime. Petitioner was convicted and sentenced in the Lexington County Court of General Sessions on June 28, 2006. He filed a direct appeal with the South Carolina Court of Appeals on June 29, 2006, and his appeal is pending.

Petitioner has filed for federal habeas corpus relief under 28 U.S.C. § 2254.[1] However, Petitioner does not allege any grounds for habeas relief. Petitioner fails to request any relief at all. The Petitioner only raises excessive delay by the South Carolina Court of Appeals in determining his direct appeal. Petitioner complains that his attorney told him the appeal would take 18 to 24 months, and it has been 26 months, and his appeal has not been determined.

## Discussion

Presuming that Petitioner is seeking relief of any grounds he may have raised in his direct appeal, this petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be dismissed because Petitioner has not exhausted his state court remedies. With respect to his convictions and sentence, a petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

his state court remedies.  *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971).  The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in the statute, 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State."

The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights."  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  The United States Court of Appeals for the Fourth Circuit, in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts. . . .  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court.  The burden of proving that a claim has been exhausted lies with the petitioner."  *Id.* at 911 (citations omitted).[2]  Because further review by a higher state court of Petitioner's convictions and sentence is currently pending, the grounds Petitioner could raise in a § 2254 petition have not been exhausted.  *See In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (1990) ("[W]hen the claim has been presented to the

---

[2]  Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required.  *See Coleman v. Thompson*, 501 U.S. 722 735 n.1 (1991).  However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."); *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002).

Petitioner indicates that he is bringing this habeas action because of excessive delay by the South Carolina Court of Appeals in determining his direct appeal filed June 29, 2006. "State remedies may be rendered ineffective by inordinate delay or inaction in state proceedings." *Ward v. Freeman*, 46 F.3d 1129 (4th Cir. 1995) (unpublished). This Court could excuse the exhaustion requirement in this case if state remedies had been rendered ineffective through inordinate delay. In *Ward*, the court held that a fifteen year delay in a direct appeal from a conviction rendered the petitioner's state remedies ineffective. Here, however, the delay that Petitioner complains of does not rise to the level of the delay in *Ward* and does not render Petitioner's state court remedies ineffective.[3]

## RECOMMENDATION

Accordingly, it is recommended that this petition for a writ of habeas corpus be dismissed *without prejudice* and without issuance and service of process upon the respondent. *See Toney v. Gammon*, 79 F3d. 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or are without merit)*; Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or

---

[3] Generally, a more lengthy delay than that of which Petitioner complains is required. *See, e.g., Mathis v. Hood*, 851 F.2d 612 (2d Cir.1988) (six-year delay); *Burkett v. Cunningham*, 826 F.2d 1208 (3d Cir.1987) (five-and one-half-year delay); *Wojtczak v. Fulcomer*, 800 F.2d 353 (3d Cir.1986) (thirty-three-month delay). *See generally Patterson v. Leeke*, 556 F.2d 1168 (4th Cir.1977).

return).  *Cf*. the AEDPA.  Petitioner's attention is directed to the important notice on the following page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 25, 2008
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).